## HAYES v BARNES

Ohio Appeals, 9th Dist, Lorain Co.

No. 912. Decided May 29, 1939.

Stevens & Stevens, Elyria, for appellee.

Young & Young, Norwalk, for appellant.

## OPINION

By STEVENS, J.

The parties will be referred to as they appeared in the trial court.

Plaintiff claimed in his amended petition that the defendant was indebted to him for work and labor which he had performed for the defendant at her request, and also for money loaned to her; and that in March, 1914, the plaintiff and defendant entered into a contract by which plaintiff was to relinquish his claims against defendant and contribute money and his work to the enterprise in which the defendant was engaged, for which he was to receive a portion of the proceeds realized from such enterprise; that he performed his part of the agreement, but that defendant breached the contract; and he asked damages for such breach.

The defendant denied entering into the contract, and plead the six year statute of limitations and the statute of frauds.

Upon trial, the trial court, at the close of the opening statement of counsel for plaintiff, directed a verdict in favor of the defendant, upon which judgment was rendered.

The controversy is before this court on an appeal on questions of law.

During the hearing of the motion for a directed verdict, plaintiff suggested to the court that he be given leave to amend, but upon objection of counsel for defendant no leave to amend was granted, and an exception was noted by counsel for plaintiff.

We are of the opinion, first, that the statute of limitations can be raised

upon a motion by the defendant for a directed verdict at the conclusion of the opening statement, where the claim is made that in the opening statement of plaintiff's counsel an admission was made which justifies the conclusion that the statute of limitations prevents a recovery.

In ruling upon a motion for a directed verdict upon the opening statement of counsel, the language used in the opening statement is to be reasonably but liberally construed in connection with such inferences as are reasonably deducible from all of the surrounding circumstances, and full opportunity should be given the party making the statement to supplement the statement before a verdict is directed against him. As was stated in case No. 1151, Summit County, **Douglas v Victor Olson Construction Co.**, decided by this court on November 2, 1926:

"It is well established in this state that, when plaintiff's evidence does not show a cause of action, it is the duty of the trial court to direct the jury to return a verdict for the defendant. * * *

"Upon this theory, therefore, the courts recognizing the foregoing principle, have established the rule that if the plaintiff in his opening statement makes a full recitation of the facts upon which the plaintiff's claim is based, and these facts, giving them a construction most favorable to the plaintiff, show that if the evidence were submitted to the jury it would not establish a cause of action in favor of the plaintiff, it is likewise the duty of the court to direct a verdict, upon motion of the defendant, in its favor. In arriving at this conclusion, the trial court should not act arbitrarily nor take an undue advantage of the plaintiff or his attorney, but full opportunity should be given to the plaintiff to amend his petition or his opening statement, or both, so that he could supply the missing facts, if possible to do so."

In the case at bar, however, we are of the opinion, second, that, considering all that is shown by the record, there is sufficient to have precluded the trial court from concluding that in the opening statement it was admitted by plaintiff's counsel that the contract in question was terminated at a time which made the statute of limitations a bar to the action.

For error in directing a verdict and and rendering judgment thereon, the judgment of the trial court is reversed and the cause remanded.

WASHBURN, PJ., & DOYLE, J., concur.